UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. LOVILLE,<br><br>          Plaintiff,<br><br>     v.<br><br>PETER CHESTER,<br><br>          Defendant. | Case No. 25-cv-03649-RFL<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. Nos. 5, 12 |

    Plaintiff David Loville, who is representing himself, filed this action in state small claims court on March 28, 2025. (Dkt. No. 1.) On April 25, 2025, Defendant Peter Chester removed it to federal court. (*Id.*) On May 2, 2025, Chester moved to dismiss the complaint under Rule 12(b)(6). (Dkt. No. 5.) Loville did not file an opposition to the motion, even after his deadline was twice extended, the second time through an Order to Show Cause. (Dkt. Nos. 11, 12.) The Order to Show Cause required Loville to file an opposition or notice of non-opposition by June 13, 2025, and warned Loville that failure to timely respond could result in "dismissal of his complaint without further notice." (Dkt. No. 12.) That date has now passed, and Loville has not filed an opposition to the motion to dismiss or responded to the Order to Show Cause. Accordingly, and for the reasons set forth below, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

    Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the following

factors are weighed: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In this case, four of the five factors weigh in favor of dismissal. The first two factors support dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Loville has not filed an opposition or responded to the Court's Order to Show Cause, despite being given ample time to do so, which has prevented the Court from expeditiously moving this case toward disposition. These failures have delayed the action, *see Yourish*, 191 F.3d at 990, and have "consumed some of the [C]ourt's time that could have been devoted to other cases on the docket," *Pagtalunan*, 291 F.3d at 642. Consequently, Loville has interfered with the Court's ability "to manage its docket without being subject to routine noncompliance of litigants." *Id.*

The third factor also weighs in favor of dismissal. Loville fails to rebut the presumption of prejudice to Chester from his unreasonable delay in prosecuting this action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). While a plaintiff may rebut this presumption "with an excuse for his delay that is anything but frivolous," here, Loville has not come forward with any excuse for his failure to comply with the Court's orders. *Id.* at 1453 (citation omitted).

The fourth factor likewise favors dismissal, as less drastic sanctions have not been effective. Although the Court provided two extensions and issued an Order to Show Cause, affording Loville multiple opportunities respond, Loville did not respond. The Order to Show Cause expressly warned Loville that his case could be dismissed for failure to prosecute absent timely compliance with the order. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent.").

Lastly, "[p]ublic policy favors disposition of cases on the merits," so the fifth factor cuts against dismissal. *Pagtalunan*, 291 F.3d at 643.

In sum, because four of the five factors weigh in favor of dismissal, the Court concludes

that dismissal of this action for failure to prosecute is warranted.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal") (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)).  Furthermore, Chester's Motion to Dismiss is **DENIED AS MOOT**, and the Order to Show Cause is **DISCHARGED**.

The Clerk is directed to enter judgment in favor of Defendant, and against Plaintiff, and to close the case.

**IT IS SO ORDERED.**

Dated: June 18, 2025

RITA F. LIN
United States District Judge